**FILED**
**October 17, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0690** (Kanawha County 20-F-75)

**Joshua Andrew Drennan,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joshua Andrew Drennan, by counsel John Sullivan, appeals the July 16, 2021, order of the Circuit Court of Kanawha County sentencing him for multiple convictions. The State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order.

Following a February 11, 2020, crime spree, petitioner was charged in a ten-count indictment.[1] After petitioner's counsel filed a motion to evaluate his competency to stand trial and to assess criminal responsibility, petitioner was initially found incompetent to stand trial. Following a subsequent evaluation, the court found petitioner competent to stand trial and set a trial date.

---

[1] Petitioner's crime spree involved three separate incidents with multiple victims, including one victim who died a gruesome death from the injuries that petitioner inflicted on her. He was indicted on: (1) murder; (2) petit larceny; (3) first-degree robbery; (4) malicious wounding; (5) assault during the commission of a felony; (6) possession of a stolen vehicle; (7) attempted robbery; (8) malicious assault; (9) attempted first-degree murder of a police officer; and (10) malicious assault on a law enforcement officer. Before opening statements, the State dismissed counts seven and eight.

1

At trial, petitioner asserted an insanity defense through expert testimony.[2] After considering the evidence, the jury ultimately convicted petitioner on all counts. Further, the jury recommended life imprisonment without a possibility of mercy and the court sentenced petitioner. Pertinent to this appeal, petitioner was sentenced to life imprisonment without mercy for his murder conviction.

On appeal, petitioner claims that there was insufficient evidence for the jury to have concluded that he was sane on February 11, 2020. Further, he argues that the court erred in refusing a proposed jury instruction during the mercy phase of his trial.

Initially, we have noted that "this Court's review is highly deferential to the jury's verdict." *State v. Thompson*, 240 W. Va. 406, 414, 813 S.E.2d 59, 67 (2018). Additionally,

[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not

---

[2] Dr. Clifton Hudson Ph.D. testified that, after forensically evaluating petitioner, he diagnosed petitioner with "an unspecified psychotic disorder and various forms of substance dependence, the most active of which was a stimulant, abuse disorder of amphetamine, which was active at the time of the crime." He concluded that petitioner's mental illness could and did cause petitioner to lack the capacity to appreciate the wrongfulness of his acts or conform his conduct to the requirements of the law. On cross-examination, Dr. Hudson agreed that mental illness does not equate with a lack of criminal responsibility. Dr. David Clayman Ph.D. testified for the prosecution that petitioner made "determine[d] specific behavior to cause [Ms. Steele] harm;" that petitioner engaged in purposeful, reality-based behavior after he murdered the victim; and that his ability to operate a motor vehicle during the crime spree established that he was not out of control or unable to make judgments. Further, Dr. Clayman opined that petitioner's decision to stop beating one of the victims demonstrated "[c]ontrol of behavior and understanding right from wrong" and that he showed socially appropriate behavior when he hit one of victim's truck and inquired as to whether that victim was alright. Ultimately, Dr. Clayman testified that petitioner suffered from a mental disease or defect that did not affect his ability to "distinguish right from wrong or to conform his behavior" at the time of the crime.

an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syl. Pts. 1 and 3, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995).

Further,

[t]here exists in the trial of an accused a presumption of sanity. However, should the accused offer evidence that he was insane, the presumption of sanity disappears and the burden is on the prosecution to prove beyond a reasonable doubt that the defendant was sane at the time of the offense.

Syl. Pt. 2, *State v. Milam*, 163 W. Va. 752, 260 S.E.2d 295 (1979). The insanity issue is determined by the sufficiency of the evidence. Further, whether the State adduced sufficient evidence to sustain the jury's guilty verdict is measured by the same standard that applies to any other sufficiency challenge. This Court has stated that "[a] convicted defendant who presses a claim of evidentiary insufficiency faces an uphill climb." *State v. LaRock*, 196 W. Va. 294, 303, 470 S.E.2d 613, 622 (1996). In light of the competing expert testimony on the sanity issue as discussed above, a reasonable jury could find that petitioner was sane at the time of the crime spree. Applying our established jurisprudence and reviewing the jury's verdict in a light most favorable to the prosecution, we refuse to disturb the jury's verdict and we find that petitioner's first assignment of error is without merit.

Petitioner also claims that the court erred in failing to give a proposed instruction during the mercy phase of his trial.[3] The State objected to the proposed instruction, arguing that West Virginia Code prescribes the sentencing method for first-degree murder. The circuit court denied petitioner's motion, reasoning that "there is no authority to require that a jury must find beyond a reasonable doubt as to whether or not mercy should be granted."

"As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W. Va. 280, 489 S.E.2d 257 (1996). Inasmuch as petitioner's proposed instruction was inconsistent with West Virginia law, the circuit court did not err in refusing to give the instruction.[4] Accordingly, we refuse to disturb this ruling.

---

[3] Petitioner's proposed instruction included the following language:

It is the prosecution's burden both to prove guilt beyond a reasonable doubt and, at this stage of the proceeding, to prove beyond a reasonable doubt that justice mandates a sentence of life in prison without possibility of release rather than a sentence of life in prison with the possibility of parole after fifteen years.

[4] In his brief to this Court petitioner "acknowledges the line of West Virginia cases regarding mercy verdicts which run contrary to this [proposed] instruction."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4